CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 0 3 2009
JOHN F. CORCORAN, CLERK
BY: /s/ Paul Cottman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| FEDERAL INSURANCE CO., *Plaintiff,* <br><br> v. <br><br> STEWART PARNELL, *et al.,* *Defendants.* | CIVIL NO. 6:09CV00033 <br><br> **MEMORANDUM OPINION** <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Federal Insurance Company's Motion for Order Approving Service (docket no. 99). Federal seeks the entry of an Order approving service by publication on thirteen defendants[1] named in Federal's complaint for interpleader who received Federal's complaint but have yet to complete a waiver of service, as well as nine named defendants who Federal has been unable to locate after diligent efforts. For the reasons set forth below, Federal's Motion will be granted.

I. BACKGROUND[2]

On March 19, 2009, Federal filed a complaint for interpleader seeking to resolve what parties may be entitled to the $1 million proceeds of an insurance policy it issued to the Peanut Corporation of America ("PCA"). Seeking to identify anyone who might conceivably assert a claim to any of the proceeds, Federal named as defendants 110 parties, including PCA and its subsidiaries, PCA's Chapter 7 Trustee, PCA's former executives and employees, and "Parties Unknown."

---

[1] Federal's Motion refers to fourteen named defendants who received Federal's complaint but have yet to return their waivers of service. After Federal filed the instant Motion, however, one defendant filed a waiver of service – leaving the thirteen referred to in this Memorandum Opinion.

[2] The background of this case is set forth more fully in the Court's Memorandum Opinion granting Federal's Motion for Summary Judgment. Only the details relevant to Federal's Motion for Order Approving Service are discussed in this Memorandum.

1

On April 3, 2009, the U.S. Bankruptcy Court for the Western District of Virginia granted Federal's motion to permit service by publication on the "Parties Unknown" named in the interpleader complaint.[3] Federal complied with the Bankruptcy Court's order by publishing weekly notice for four successive weeks in (1) *USA Today* – a newspaper with a national circulation of almost 5 million; (2) *The Lynchburg News & Advance*; (3) *The Roanoke Times*; (4) *The Suffolk News-Herald*; (5) *The Early County News* (in Blakely, Georgia); and (6) *The Plainview* [Texas] *Daily Herald*.

Federal also served the named defendants individually. Federal mailed – return-receipt requested – the interpleader complaint, waiver of service, and accompanying forms with prepaid self-addressed envelopes in accordance with Federal Rule of Civil Procedure 4(d) to representatives of the entity defendants, to the last known addresses Federal received from PCA's broker, and to the attorneys representing the claimants. When some of these mailings were returned as undeliverable, Federal searched in a LexisNexis database to identify the correct addresses and sent another set of the aforementioned materials. Out of the 110 named defendants, Federal ultimately succeeded in distributing copies of the complaint to 101, of whom eighty-eight completed and returned waiver of service forms.

Federal's additional attempts to locate and confirm valid addresses for the remaining nine named defendants have been unsuccessful. As for the thirteen named defendants who have not responded to Federal's request to waive service, Federal has attempted to telephone those defendants but seeks the Court's instructions before retaining process servers to hand serve second copies of the interpleader complaint.

---

[3] As explained in the Memorandum Opinion granting summary judgment, Federal originally filed this matter as an adversary proceeding in PCA's Chapter 7 bankruptcy case, but this Court granted Defendant Stewart Parnell's motion to withdraw the reference to Bankruptcy Court on June 9, 2009.

Federal has filed this Motion to seek the Court's approval that the service that has already taken place by publication, coupled with Federal's efforts at individual notice and the widespread publicity attending PCA's legal troubles, is sufficient to apprise the two groups of named defendants of the interpleader action.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 4(e)(1) permits complaints to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Virginia law, in turn, provides for service by publication via, among other things: an affidavit by the party seeking service stating "[t]hat diligence has been used without effect to ascertain the location of the party to be served." Va. Code. Ann. § 8.01-316(A)(1)(b) (2009). "Diligence," for the purposes of § 8.01-316(a), means "devoted and painstaking application to accomplish an undertaking." *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390, 393 (1990). The determination whether diligence has been used is a factual question to be decided according to the circumstances of each case. *Id.* Service by publication under Virginia law may also be accomplished "when (i) the number of defendants upon whom process has been served exceeds ten and (ii) it appears by a pleading, or exhibit filed, that such defendants represent like interests with the parties not served with process." Va. Code. Ann. § 8.01-316(A)(1)(3) (2009).

## III. DISCUSSION

Federal has satisfied the requirements of Virginia Code § 8.01-316(A), and thus Federal Rule of Civil Procedure 4(e)(1). The Declaration of Sharla Toller, an attorney for Federal, states that Federal has located the thirteen individuals who have failed to return

3

waiver of service forms and exercised due diligence "without effect to ascertain the location" of the nine named defendants for whom Federal has been unable to obtain valid addresses. Federal's efforts in attempting to accomplish service thus far have been "diligent," as required by the Virginia Code: Federal sent a copy of the complaint, a waiver of service form, a self-addressed return envelope, and additional related papers required by Rule 4(d) to every individual identified as a present or former PCA employee on a list obtained from PCA's broker; searched for lawsuits and dockets involving PCA; reviewed PCA's Bankruptcy docket; sent copies of the complaint to the Bankruptcy service list; followed up with individuals served to answer questions and to obtain waiver of service forms; used Internet-based search engines to attempt to obtain correct addresses for those that had been returned; and re-sent copies of the complaint multiple times to new addresses. Through these efforts, 101 of the 110 named defendants received copies of the interpleader complaint.

Furthermore, the number of defendants served clearly exceeds ten, and the pleadings filed in this case show that the eighty-seven named defendants who have waived service appear to "represent like interests" with the twenty-two remaining defendants. Like most of the defendants who waived service in this action, the twenty-two remaining defendants have not been named in any lawsuits or public allegations of wrongdoing in relation to the investigation of PCA. Accordingly, there is little reason to believe that they have a demand to make upon the liability insurance that Federal issued to PCA.

In accordance with the Bankruptcy Court's April 3, 2009 order, Federal has already published notice once a week for four weeks in USA Today and five locally-

4

targeted newspapers. Federal has also notified the Trustee and every attorney known to be representing any of PCA's employees or the claimants against them of the pendency of this action. These various forms of notice, combined with the publicity PCA's situation has received in the media, and the fact that over eighty percent of the known former employees of PCA received copies of the complaint makes it reasonable to believe that any others have been "apprise[d]..of the pendency of [this] action." *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, 579 F. Supp. 2d 498, 504-05 (S.D.N.Y. 2008) (citation omitted).

Furthermore, as explained by Federal, the circumstances of this interpleader action make service particularly self-selecting. If an individual is not named in a "claim" that might be covered under the Policy, then he has no reason to be demanding insurance. If he is named in a potential "claim," however, then he would be very likely to contact someone (like the Trustee, former PCA management, or PCA's broker) who would likely apprise him of this interpleader action. Finally, the former PCA executives and employees who have filed statements of claim to the interpled funds have already incurred substantial legal defense fees and are anxious for the Court to resolve the pending statements of claim and release funds under the Policy. *See, e.g.*, Parnell Response to Federal's Motion for Order Approving Service by Publication (docket no. 103). Given all of these circumstances, and Federal's compliance with Rule 4(e) and the Virginia Code, I will grant Federal's Motion in a separate Order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

It is so **ORDERED**.

5
Case 6:09-cv-00033-NKM-mfu   Document 108   Filed 09/03/09   Page 5 of 6   Pageid#: 1076

Entered this 3rd day of September, 2009.

                                            NORMAN K. MOON
                                            UNITED STATES DISTRICT JUDGE